The Electric Auto-Lite Company v. Commissioner.
Electric Auto-Lite Co. v. Commissioner
Docket No. 111986.
United States Tax Court
1943 Tax Ct. Memo LEXIS 165; 2 T.C.M. (CCH) 560; T.C.M. (RIA) 43371; August 4, 1943
*165 Theodore Pearson, Esq., for the petitioner. Lawrence R. Bloomenthal, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: A deficiency for 1939 of $465.78 income tax and $289.66 declared value excess profits tax was determined by the Commissioner as a result of three adjustments. The taxpayer assails only the disallowance of a deduction of $30,006.25 taken by the taxpayer as a capital loss in the sale of all the shares of Marko Storage Battery Corporation to USL Battery Corporation, of which it owned all the shares. The facts are all contained in a stipulation. The petitioner is a corporation with its principal office in Toledo, Ohio, where it filed its 1939 income tax return. Until December 15, 1939, the date of the sale here in question, it owned all the shares of Marko Storage Battery Corporation, which had manufactured and sold storage batteries. This it ceased to do in 1935, and in 1936 it rented its machinery and equipment. USL Battery Corporation was incorporated in New York in 1928, and in 1939 all its shares were owned by the petitioner. It, too, manufactured and sold storage batteries. The stipulated basis to petitioner of the Marko shares was $158,978.80. *166 They were sold on December 15, 1939, to USL for $128,972.55. This was no less than fair market value, and it is not disputed that the sale was actuated by legitimate business considerations and that it was not a sale intended to accomplish a tax deduction or in any way actuated by a tax-saving motive. Neither Marko nor USL had been created or used as a tax-saving device. The Commissioner's disallowance of the loss is defended principally on the authority of . But that case involved what the Court thought to be a sham device of an individual for the effectuation of tax-advantageous transactions which were otherwise without substance. We think it may not be regarded as a direction to disallow the present loss, which was, so far as we can see or are told, a bona fide business transaction, the tax consequences of which were incidental to its purpose. In the year 1939, consolidated returns of affiliated corporations such as these were not required or permitted; and if the result in 1939 of the present sale of the Marko shares were to be ignored for tax purposes, it is hard to see what future transaction will be recognized *167 as the occasion when as to this taxpayer the effect is to be felt. The disallowance of the deduction of the $30,006.25 is reversed. Since other adjustments are not assailed, Decision will be entered under Rule 50.